UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARLENE FRIAS *et al.*,

                                     Plaintiffs,

-v-

DAVID C. BANKS & NYC DEPARTMENT OF EDUCATION,

                                       Defendants.

24 Civ. 1767 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Plaintiff Marlene Frias, individually and on behalf of her minor daughter, A.F., brings this action against the New York City Department of Education ("DOE") and its then-Chancellor, David C. Banks (collectively, "Defendants"), pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, Article 89 of the New York State Education law, N.Y. Educ. Law § 4401 *et seq.*, and 42 U.S.C. § 1983. Frias seeks funding for the costs of tuition and related services for the educational placement of her disabled child at the International Institute for the Brain ("iBrain") for the period between April 5, 2022 and June 24, 2022, and for the 2022–23 school year. Defendants agree that A.F. is entitled to the costs of tuition and related services at iBrain pursuant to the IDEA and a final administrative order issued by Impartial Hearing Officer ("IHO") Jean Marie Brescia, but they dispute the scope of the DOE's reimbursement obligations for A.F.'s specialized transportation services.

For the reasons that follow, the Court denies, without prejudice, summary judgment to both parties and remands to IHO Brescia for clarification as to the transportation component of IHO Brescia's order and for further proceedings consistent with this Opinion and Order.

1

I. **Background**

A. **Overview of the IDEA**

"The IDEA authorizes the disbursement of federal funds to [s]tates that develop appropriate plans to, among other things, provide a free and appropriate public education ('FAPE') to children with disabilities." *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 525 (2d Cir. 2020) (footnotes omitted). "To provide a FAPE to each student with a disability, a school district must develop an IEP [individualized education program] that is 'reasonably calculated to enable the child to receive educational benefits.'" *Id.* (quoting *T.M. ex rel A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 151 (2d Cir. 2014)). The DOE must also provide students with "related services" to meet the student's educational needs, including, as relevant here, "transportation . . . as may be required to assist a child with a disability to benefit from special education." 20 U.S.C. § 1401(26)(A).

Parents in New York who wish to challenge the adequacy of their child's IEP utilize New York's two-tier system of administrative review, which entails filing an administrative due process complaint ("DPC") and requesting a hearing before an IHO; and, if unsuccessful, appealing that officer's decision to a state review officer ("SRO"). *Ventura*, 959 F.3d at 526; *see also* 20 U.S.C. §§ 1415(f)–(g); N.Y. Educ. Law §§ 4404(1)–(2). The parent may pursue judicial review of the SRO's decision in a state or federal trial court. *Ventura*, 959 F.3d at 526; *see also* 20 U.S.C. § 1415(i)(2)(A); N.Y. Educ. Law § 4404(3).

The IDEA mandates that a state "maintain the educational status quo while the parties' dispute is being resolved." *Doe v. E. Lyme Bd. Of Educ.*, 790 F.3d 440, 452 (2d Cir. 2015) (quoting *T.M.*, 752 F.3d at 152). Thus, under the IDEA's pendency, or "stay put," provision, a child protected under the IDEA is to remain, at public expense, in his or her "then-current

educational placement" during the adjudication of proceedings conducted under the IDEA. 20 U.S.C. § 1415(j); *see also Ventura*, 959 F.3d at 526, 532. Relevant here, "the existence and extent of the DOE's reimbursement obligations turn on the language of the applicable administrative order—in particular, on the most recent, operative order, also known as the 'last pendency-setting event.'" *Davis v. Banks*, No. 22 Civ. 8184 (JMF), 2023 WL 5917659, at *4 (S.D.N.Y. Sept. 11, 2023) (quoting *Araujo v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 7032 (LGS), 2023 WL 5097982, at *5 (S.D.N.Y. Aug. 9, 2023)).

## B. Factual Background

A.F. is a "child with a disability" under the IDEA. 20 U.S.C. § 1401(3)(A)(i) (listing covered disabilities). She has a history of epilepsy, is nonverbal, and requires adult assistance in all areas of daily living activities. Dkt. 17, Ex. 1 ("FOFD") at 5. Dissatisfied with the DOE's educational placement for A.F., Frias unilaterally enrolled her in iBrain and, in connection with that enrollment, contracted for special transportation services with Sisters Travel and Transportation Services, LLC ("Sisters"). *Id.* at 5–9; *see* Dkt. 36 ("Jampel Decl."), Ex. 1 (the "Agreement").[1]

On November 17, 2022, Frias initiated a DPC against the DOE, alleging that (a) it failed to offer A.F. a FAPE, (b) unilateral placement at iBrain was appropriate, and (c) equitable

---

[1] Frias appropriately redacted A.F.'s personal information, such as her name and address, in the publicly filed contract with Sisters, Agreement at 1, 6. Curiously, however, Frias also omitted the service provider's costs and fees. *Id.* at 2. The Court cannot see any apparent justification for redacting this information about A.F.'s specialized transportation services, given the nature of the dispute at hand and the DOE's legitimate concerns about waste, fraud, and abuse. *See e.g., Davis*, 2023 WL 5917659, at *5 n.7 ("The DOE hints at the possibility of such waste, fraud, and abuse here, noting that Sisters's director is married to the founder of both iBrain and the law firm representing Plaintiffs and that Sisters is registered to that founder's home address."); *Moonsammy v. Banks*, No. 23 Civ. 10491 (PAE), 2024 WL 4277521, at *1 n.1 (S.D.N.Y. Sept. 23, 2024) (noting relationship between iBrain founder and cases brought on behalf of students seeking public funding from the DOE).

3

considerations favored full reimbursement for A.F.'s educational program, including specialized transportation. FOFD at 3, 5–9, 12. On May 30, 2023, IHO Brescia issued a Finding of Facts and Decision ("FOFD"), which ordered that the DOE shall fund "the costs of tuition and related services at iBrain and the costs of specialized transportation for [A.F.] between home and iBrain, for the time period from April 5, 2022 through June 24, 2022 and for the 2022-2023 12-month school year." Dkt. 1 ("Compl.") ¶ 26 (quoting FOFD at 18). Because it was not appealed, this FOFD formed the basis of A.F.'s entitlement, as a matter of pendency, to reimbursement for transportation services. Compl. ¶¶ 27–32.

### C. Procedural History

On March 7, 2024, Frias filed the Complaint, seeking enforcement of IHO Brescia's FOFD. Dkt. 1. On June 12, 2024, Frias filed a motion for summary judgment, Dkt. 20, and a memorandum of law in support, Dkt. 21 ("Pl. Br."). On August 6, 2024, defendants filed a cross-motion for summary judgment, Dkt. 32, and a memorandum of law in support, Dkt. 33 ("Defs. Br."). On August 30, 2024, Frias filed a memorandum of law in further support and an opposition to defendants' motion. Dkt. 35 ("Pl. Reply Br."). On September 6, 2024, defendants filed a memorandum of law in further support. Dkt. 37 ("Defs. Reply Br.").

## II. Applicable Legal Standards

Summary judgment in the context of an IDEA case "involves more than looking into disputed issues of fact; rather, it is a 'pragmatic procedural mechanism' for reviewing administrative decisions." *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 184 (2d Cir. 2012) (quoting *A.C. ex rel. M.C. v. Bd. of Educ.*, 553 F.3d 165, 171 (2d Cir. 2009)). The "inquiry is a results-based standard in many respects, concerned more with a just outcome for a disabled student than with judicial efficiency." *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir.

4

2009) (citing *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206–07 (1982)). Although the "district court must base its decision on the preponderance of the evidence," it ultimately must "give due weight to the administrative proceedings, mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." *A.C.*, 553 F.3d at 171 (cleaned up). To this end, "[a] court may remand a proceeding when it needs further clarification or does not have sufficient guidance from the administrative agencies." *Hidalgo v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 98 (JGK), 2021 WL 2827037, at *5 (S.D.N.Y. July 7, 2021) (quoting *T.L. v. N.Y.C. Dep't of Educ.*, 938 F. Supp. 2d 417, 436 (E.D.N.Y. 2013)).

## III. Discussion

The sole pending dispute as to A.F. is narrow: whether, as Frias contends, the DOE must reimburse her for all transportation costs incurred pursuant to the Agreement or, as the DOE counters, whether reimbursement is limited to services actually provided. Because "[t]he IDEA does not speak directly to what transportation costs, if any, the DOE is obligated to pay[,] . . . the sole source of the DOE's reimbursement obligations . . . is the applicable administrative order." *Davis*, 2023 WL 5917659, at *4.

The FOFD here orders the DOE to fund specialized transportation services for A.F. "between home and iBrain." FOFD at 18. But that language, as other courts in this District have concluded in the context of identically and similarly phrased orders, is unclear as to the DOE's reimbursement responsibilities. *See Donohue v. Banks*, No. 22 Civ. 8998 (JPC), 2023 WL 6386014, at *11–12 (S.D.N.Y. Sept. 30, 2023) (remanding to the IHO "for further clarification" where the "relevant orders [we]re unclear as to" the DOE's obligation to fund the student's transportation services); *Davis*, 2023 WL 5917659, at *5 (same); *see also V.B. v. N.Y.C. Dep't of*

5

*Educ.*, No. 22 Civ. 9555 (RA), 2024 WL 1120033, at *4–6 (S.D.N.Y. Mar. 14, 2024) (similar). It is open to plausible, competing interpretations. In particular, transportation services "between home and iBrain" could mean, as Frias argues, that the DOE is responsible for paying all costs incurred under the Agreement, regardless of whether A.F. actually used the services provided. Pl. Br. at 5; Pl. Reply Br. at 1–4. After all, the Agreement obligates fixed payments for transportation services and related costs, like hiring drivers and procuring vehicles, that do not vary based on a student's attendance. Pl. Reply Br. at 2–3. Or the phrase may mean, as the DOE contends, that its funding obligations are limited to when A.F. actually used the transportation services. Indeed, if a student does not travel to and from school, it is difficult to say whether any transportation services—let alone transportation services "between home and iBrain"—were provided. Ultimately, the language of the FOFD is ambiguous.

Consistent with the assessments of other courts in this District presented with the same issue, the Court finds that the proper course of action is to remand to the IHO for clarification on this point. *See V.B.*, 2024 WL 1120033, at 6; *Donohue,* 2023 WL 6386014, at *11–12; *Davis*, 2023 WL 5917659, at *5. "The IHOs are plainly in the best position to interpret their own orders and, to the extent the existing orders do not resolve the parties' dispute, further factfinding may be warranted." *Davis*, 2023 WL 5917659, at *5; *see also Moonsammy*, 2024 WL 4277521, at *12, 14; *Hidalgo*, 2021 WL 2827037, at *5. Accordingly, the Court does so, and denies both parties' motions for summary judgment, without prejudice to renewal following clarification.

## CONCLUSION

For the foregoing reasons, the Court denies, without prejudice, summary judgment to both parties and remands these matters to the IHO for clarification and further proceedings not inconsistent with this Order. The IHO may wish to explore whether the terms of the Agreement

6

are unnecessarily unfavorable to the DOE, and whether additional, uniform language could assist parties and courts alike in carrying out administrative directives.

The Court encourages the IHO to complete this process within two months. The Court directs that counsel, upon issuance of a supplemented order by the IHO, forthwith file such order on the docket of this case.

The Clerk of Court is respectfully directed to terminate the motions pending at Dockets 20 and 32.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: October 30, 2024
       New York, New York